**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| JAMES RUSSELL, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 06-2130 (MLC) |
| | : | |
| v. | : | |
| | : | |
| JOHN J. FOTI, et al., | : | **O P I N I O N** |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

    JAMES RUSSELL, #221400, Plaintiff pro se
    Ocean County Jail
    120 Hooper Street
    Toms River, New Jersey  08754

**COOPER**, District Judge

    Plaintiff, James Russell, an inmate confined at the Ocean County Jail, seeks to bring this action in forma pauperis. The Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's prison account, and to forward it to the Clerk; and (5) directs the agency having custody of Plaintiff to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full. See 28 U.S.C. § 1915. Having thoroughly reviewed Plaintiff's

allegations, the Court will dismiss the Complaint.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.  BACKGROUND

Plaintiff asserts violations of his constitutional rights against Assistant Prosecutor John J. Foti, the Ocean County Prosecutor's Office, and Kim Predham, a reporter for the Ocean County Observer.  Plaintiff asserts that on March 17, 2006, John J. Foti appeared before the Superior Court of New Jersey, Ocean County, for a bail hearing for Daniel Thomas, Plaintiff's co-defendant.  Plaintiff alleges that, in the course of the hearing, Foti falsely stated that Plaintiff had given police a statement implicating Daniel Thomas in the crime.

Plaintiff asserts that on March 18, 2006, the Ocean County Observer published an article written by Kim Predham which included Foti's statement.  Plaintiff states that at the next court appearance on April 6, 2006, Foti failed to produce the statement and informed the judge that he had been mistaken about it.  Plaintiff complains that the Ocean County Observer did not publish a correction.  Plaintiff seeks damages and injunctive relief directing Kim Predham to print a correction.

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA") requires the Court, before docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is

2

proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see Alston v. Parker, 363 F.3d 229, 233 n.6.

### III.  DISCUSSION

A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see 28 U.S.C. §

1331.  42 U.S.C. § 1983 authorizes a person to seek redress for a violation of federal rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To recover under 42 U.S.C. § 1983, a plaintiff must show:  (1) a person either deprived the plaintiff, or caused the plaintiff to be deprived, of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

   Plaintiff's claims fail as a matter of law and will be dismissed.  Plaintiff seeks damages against Foti for making a false statement before a state court in a criminal proceeding.  But a prosecutor is absolutely immune from a damage action under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997).  He seeks damages from the Ocean County Prosecutor's Office, but it is not a government entity that can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental entity that the

4

county prosecutor serves.[1]  Even if the Court were to construe the claim against the Ocean County Prosecutor's Office to be against the government entity which the County Prosecutor serves, it would also require dismissal.  A county prosecutor in New Jersey acts on behalf of the state when pursuing a criminal prosecution against a criminal defendant, Coleman v. Kaye, 87 F.3d 1491, 1499, 1505 (3d Cir. 1996), and the Eleventh Amendment bars a damage action under § 1983 against the State of New Jersey.  Hafer v. Melo, 502 U.S. 21, 26 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Quern v. Jordan, 440 U.S. 332 (1979).

Plaintiff's claim against Kim Predham fails because she was not acting under color of state law when she wrote the newspaper

---

[1] The capacity of an entity to be sued is determined by New Jersey law.  See Fed.R.Civ.P. 17(b).  Under New Jersey law, the Ocean County Prosecutor's Office does not have a legal existence separate from the Ocean County Prosecutor himself.  See, e.g., N.J. Const., art. VII, § 2, ¶ 1 (establishing county prosecutor); N.J.S.A. § 2A:158-1 et seq. (setting forth appointment process, term, powers and duties of county prosecutor); cf. Coleman v. Kaye, 87 F.3d 1491, 1499-1502 (3d Cir. 1996); Darby v. Pasadena Police Dep't, 939 F.2d 311, 313-4 (5th Cir. 1991) (police department cannot engage in litigation as entity except in concert with government entity itself); Revene v. Charles County Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989) (Office of Sheriff is not a legal entity separate from the sheriff and the county government); Buchanan v. City of Kenosha, 57 F. Supp. 2d 675, 678 (E.D. Wisc. 1999) (district attorney's office cannot be sued as entity separate from individual holding office or governmental unit on whose behalf the district attorney acts); Hancock v. Washtenaw County Prosecutor's Office, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (county prosecutor's office is not entity subject to suit under § 1983).

article.  "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful,'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).  State action exists where the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).  Plaintiff asserts that Kim Predham included in a newspaper article that the prosecutor told the judge in court that Plaintiff had given a statement against his co-defendant.  These allegations do not indicate that Predham was acting under color of state law, and the claims against her will be dismissed.

## IV.   CONCLUSION

The Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(b) and dismisses the Complaint for failure to state a claim upon which relief may be granted.

                                 s/ Mary L. Cooper
                                 **MARY L. COOPER**
                                 United States District Judge